UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

SODEXO MANAGEMENT, INC.,

        Plaintiff,

v.                                                                    Case No.  1:15-CV-878

BENTON HARBOR AREA SCHOOL                      HON. GORDON J. QUIST
DISTRICT,

        Defendant.
_____/

## OPINION

Invoking this Court's diversity jurisdiction, Plaintiff, Sodexo Management, Inc., has sued Defendant, Benton Harbor Area School District (BHASD), alleging state-law claims for account stated, breach of contract, breach of the implied covenant of good faith and fair dealing, and unjust enrichment.  In short, Sodexo alleges that it had a contract with BHASD to provide certain services, that it provided such services to BHASD, and that BHASD failed to pay.  BHASD filed an answer in which it has essentially admitted these allegations.

Sodexo moves for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) on its account stated and breach of contract claims on the basis of BHASD's admissions in its answer.  In response, BHASD has moved for leave to amend its answer.  For the following reasons, the Court will deny BHASD's motion to amend.  The Court will hold Sodexo's motion for judgment on the pleadings in abeyance pending receipt of information from BHASD regarding two of its affirmative defenses.[1]

_____

[1] Although BHASD has requested oral argument on both motions, the Court concludes that the parties' briefs adequately address the issues and that oral argument would not assist the Court in deciding the motions.

# I. BACKGROUND

The following facts are taken from Sodexo's complaint and admitted by BHASD in its answer.

On June 13, 2011, the parties entered into a Management Agreement (Agreement), pursuant to which Sodexo agreed to provide various services to BHASD, including grounds maintenance, repair, and custodial services. (Dkt. # 1 at PageID2, ¶ 5.) The Agreement was amended on four occasions, the last of which occurred on October 16, 2013. (*Id.* ¶ 6.) The Agreement required BHASD to make monthly payments for Sodexo's services, which Sodexo billed as regular "Cycle Invoices." Sodexo also billed BHASD for out-of-cycle work through "On Demand Billings," and for out-of-scope and community use work through "UFS Invoices." Sodexo billed interest on unpaid balances as "Late Payment Invoices." (*Id.* ¶ 7.)

During the parties' relationship, BHASD was unable to pay Sodexo's invoices. (*Id.* ¶ 8.) Consequently, the parties agreed to the October 16, 2013 amendment to address BHASD's financial situation by creating a payment plan for the then-past due amount (roughly $700,000) and by voluntary reduction of staff levels and other expenses. (*Id.* ¶ 9.) Sodexo also agreed to extend the Agreement until August 31, 2018, in order to allow BHASD additional time to pay off $500,000 of its then-current arrears. (*Id.* at Page ID3, ¶ 10.) In exchange for Sodexo's concessions and willingness to extend the Agreement, BHASD agreed to pay Sodexo $8,333.33 per month over the next five years. The Parties' agreement is memorialized in the October 16, 2013 amendment in the form of a Termination Fee, reflecting BHASD's intent to pay the $500,000 in full to Sodexo, either through the monthly payments or immediately upon termination for cause. (*Id.* ¶ 11.)

Sodexo provided services to BHASD pursuant to BHASD's agreement to pay Sodexo for such services. (*Id.* at Page ID4, ¶ 18.) BHASD accepted Sodexo's services and did not pay,

2

challenge, or otherwise respond to the invoices.  (*Id.* ¶¶ 19–22.)  BHASD has not objected to the overdue balance and has not paid the outstanding invoices as required by the Agreement.  (*Id.* ¶ 25.)

In support of its account stated claim, Sodexo attached to its complaint an affidavit from Michael Baker, the Vice President of Finance for Sodexo, stating that as of August 24, 2015, BHASD owes Sodexo $2,792,678.82, over and above all legal claims and including interest, but not costs or attorney's fees.  (Dkt. # 1-3 at PageID48.)   BHASD did not provide an affidavit with its answer refuting the Baker affidavit.

Sodexo filed its complaint in this case on August 28, 2015.  (Dkt. # 1.)  BHASD filed its answer on October 8, 2015.  (Dkt. # 8.)  Sodexo filed its motion for judgment on the pleadings three weeks later, on October 29, 2015.  (Dkt. # 13.)  On November 25, 2015, BHASD filed its response to Sodexo's motion, to which it attached a copy of a proposed amended answer.  (Dkt. # 23.)  On December 15, 2015—one day after Sodexo filed its reply in support of its motion—BHASD filed a motion for leave to amend its answer.  (Dkt. # 32.)

## II.  DISCUSSION

In its motion for judgment on the pleadings. Sodexo argues that it is entitled to judgment on its account stated and breach of contract claims because—with regard to the account stated claim, BHASD failed to submit an affidavit to rebut the Baker affidavit—and BHASD's admissions in its answer establish that there is no material issue of fact as to either the account stated or the breach of contract claim.  Sodexo further argues that BHASD's affirmative defenses are legally insufficient to preclude entry of judgment on Sodexo's claims.  BHASD responds that, even if the Baker affidavit suffices as prima facie evidence of the existence of an account stated, it is not irrefutable evidence entitling Sodexo to judgment on its claims.  BHASD also argues that it has sufficiently pled its affirmative defenses as required by the Federal Rules of Civil Procedure.

In its motion for leave to amend,  BHASD states that it seeks to amend its answer to reflect newly-discovered evidence contradicting Sodexo's alleged facts and legal theories and to incorporate other non-substantive changes.  Sodexo counters that BHASD should not be granted leave to amend because the evidence it cites is not new and BHASD seeks to amend for an improper purpose, namely, avoidance of an adverse ruling based on the judicial admissions it made in its answer.

Because the allowance of BHASD's proposed amended answer would effectively moot Sodexo's motion for judgment on the pleadings, *see Grisby v. Wilberforce Univ.*, No. 3:10cv00184, 2011 WL 3321292, at *1 (S.D. Ohio July 15, 2011) (noting that an amended pleading that materially differs from the initial pleading will render a Rule 12(c) motion directed at the initial pleading moot), the Court first addresses BHASD's motion for leave to amend.

## A.    Motion for Leave to Amend

BHASD's motion for leave to amend is governed by Federal Rule of Civil Procedure 15(a)(2), which provides that a court should "freely give leave [to amend] when justice so requires."[1] However, a court is not required to mechanically grant requests for leave to amend.  *See Tucker v. Middleburg-Legacy Place*, 539 F.3d 545, 551 (6th Cir. 2008) (noting that "the right to amend is not absolute or automatic").  A district court may deny leave to amend "when there is 'undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.'" *Morse v. McWhorter*, 290 F.3d 795, 800 (6th Cir. 2002) (quoting *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230

---

[1] Pursuant to Federal Rule of Civil Procedure 15(a)(1), a party may amend as of course under certain circumstances, including within 21 days after service of a motion under Rule 12(b), (e), or (f).  It appears that BHASD attempted to take advantage of amendment as of course by filing its amended answer and affirmative defenses on November 19, 2015.  (Dkt. # 21.)  BHASD withdrew its amended answer on November 25, 2015, apparently after realizing that amendment as of course is not permitted in response to a motion under Rule 12(c).  (Dkt. # 23.)

(1962)).  Delay, alone, is generally an insufficient basis to deny leave to amend.  *Id.*  The delay must place an unwarranted burden on the court or prejudice the opposing party.  *Id.*  While Rule 15(a)(2) does not set a deadline for amendments, a party seeking leave to amend "must act with due diligence if it wants to take advantage of the Rule's liberality."  *Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299, 306 (6th Cir. 2000) (internal quotation marks omitted).  In this regard, "[c]ourts are especially inclined to deny a motion brought under Rule 15 'if the moving party knew the facts on which the claim or defense sought to be added were based at the time the original pleading was filed and there is no excuse for his failure to plead them.'" *Hoving v. Lawyers Title Ins. Co.*, 256 F.R.D. 555, 572 (E.D. Mich. 2009) (quoting 6 Charles A. Wright *et al.*, Federal Practice and Procedure § 1487 (2d ed. 1990)).

BHASD argues that it should be granted leave to amend its answer based on "newly discovered evidence."  This evidence, BHASD explains, consists of recently-acquired emails showing that BHASD notified Sodexo about deficiencies in cleaning services and maintenance of BHASD's buildings.  BHASD argues that such evidence undermines Sodexo's account stated and breach of contract claims by demonstrating that Sodexo breached the contract first and by challenging the alleged overdue balance.  Sodexo responds that BHASD's motion should be denied because it was brought in bad faith and with a dilatory motive.  Sodexo contends that BHASD's counsel misrepresents the evidence cited in the motion to amend as "newly discovered" because the emails were exchanged between BHASD employees during 2013 and 2014—well before the lawsuit was filed—and the emails themselves show that they were provided to BHASD's counsel on September 25, 2015—almost two weeks before BHASD filed its original answer.  Sodexo further argues that BHASD seeks leave to amend for an improper purpose, that it has no excuse for its delay, and that the requested amendment would prejudice Sodexo.

Based on the circumstances, the Court is convinced that BHASD's motion is brought in bad faith and with dilatory motive. As noted above, BHASD filed its motion to amend in response to Sodexo's Rule 12(c) motion that was based substantially on BHASD's factual admissions in its original answer. While a motion to amend is not necessarily subject to denial simply because it was filed in response to a dispositive motion, *see Byrne v. Wood, Herron & Evans, LLP*, No. 2:08-102-DCR, 2009 WL 649056, at *2–3 (Mar. 11, 2009), BHASD's justification for its motion—"newly discovered evidence"—cannot withstand scrutiny. On their face, most of the documents that BHASD attaches to it motion show that the representation that they are newly discovered is not true. First, the emails attached to BHASD's motion as Exhibits B through E were sent by and between BHASD employees in 2013 and 2014. Thus, those documents have always been available to BHASD to use in formulating its answers to Sodexo's allegations. Second, in spite of redaction, the lines at the top of those emails show that BHASD's counsel had them as of September 25, 2015—early enough for BHASD to rely on them in preparing its original answer, had it chosen to do so. Thus, it is quite evident that BHASD's asserted basis for the motion is not true. Moreover, BHASD does not claim that its omission of information should be excused as "a result of mistake, oversight, being misled, attorney neglect or even . . . error." *Rhiel v. Hook* (*In re Johnson*), 401 B.R. 256, 260 (Bankr. S.D. Ohio 2009). The instant circumstances are akin to those in *Blasbalg v. Negro* (*In re Negro*), 176 B.R. 671 (Bankr. R.I. 1995), in which the debtor filed a motion to amend in response to the trustee's motion for summary judgment. The debtor alleged that he asserted his motion for a proper purpose because his prior attorney prepared the answer without consulting the debtor about the contents of the answer. After reviewing the record, the court determined that the debtor was not credible, that the motion was filed in bad faith, and that granting the motion would cause undue delay and prejudice to the trustee. *Id.* at 673–74.

6

For the same reasons, the motion is subject to denial for unexplained delay. While the delay was not substantial, BHASD still has not adequately explained why it waited to raise the new issues in an amended pleading, when it had the information all along and could have raised them in its original answer. *See Wade v. Knoxville Utilities Bd.*, 259 F.3d 452, 459 (6th Cir. 2001) (denial of the plaintiff's motion for leave to amend was proper given the plaintiff's failure to explain or justify her late-filed motion for leave to amend).

Finally, allowing BHASD to amend in order to avoid the consequences of its prior admissions would prejudice Sodexo. *In Arista Records, Inc. v. Flea World, Inc.*, 356 F. Supp.2d 411 (D.N.J. 2005), the defendants filed a motion for leave to amend their answers that, in part, sought to omit certain statements made in response to the paragraphs of the complaint. The court noted that it and the plaintiffs had previously relied on many of the statements the defendants sought to omit, which were admissible under Federal Rule of Evidence 801(d)(2). *Id.* 420–21. Noting that such admissions "are a vital part of narrowing the issues in a complex case," the court refused to allow the defendants to retract their prior admissions, stating:

> Where the motion to amend does not demonstrate that the prior answers were the product of mistake, typographical error, or neglect, leave to retract that which was admitted, following dispositive motion practice, may be prejudicial to the opposing party, as it is in this case, by forcing Plaintiffs to prove facts that were previously admitted.

*Id.* at 421. The court thus denied the defendants' motion to the extent that they sought to supercede and replace their prior admissions with new responses that contradicted their prior statements. *Id.* Other courts have found prejudice in similar circumstances. *See Rhiel*, 401 B.R. at 260 (noting that allowing the defendant to amend her answer to change many of her prior admissions would be prejudicial because "the Trustee would . . . have to litigate previously conceded facts, resulting in increased delay and expense to the bankruptcy estate"); *Brit UW Ltd. v. Briones*, No. SA-11-CV-

00994-DAE, 2013 WL 3242516, at *11 (W.D. Tex. June 25, 2013) (noting that the defendant's proposed amendment removing her prior "judicial admission that she relied on the records of the Texas Secretary of State in identifying the proper party to sue in the Underlying Lawsuit" would prejudice the plaintiff because the admission was critical to the plaintiff's arguments).

Accordingly, BHASD's motion for leave to amend will be denied.

## B.    Motion for Judgment on the Pleadings

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed–but early enough not to delay trial–a party may move for judgment on the pleadings."  "For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *Tucker v. Middleburg-Legacy Place, LLC*, 539 F.3d 545, 549 (6th Cir. 2008) (quoting *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007)).  When the plaintiff is the moving party, a court "may consider only allegations of fact [that] are admitted or not controverted in the pleadings so that only questions of law remain to be decided by the district court." *Swepi, LP v. Mora Cnty.*, 81 F. Supp. 3d 1075, 1088 (D.N.M. 2015) (internal quotation marks omitted).  A court may grant a Rule 12(c) motion "'when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law.'" *Tucker v. Middleburg-Legacy Place*, 539 F.3d 545, 549 (6th Cir. 2008) (quoting *Winget*, 510 F.3d at 582).

Generally speaking, when a Rule 12(c) motion presents matters outside the pleadings, the court must convert the motion to a motion for summary judgment under Rule 56 unless the district court excludes such matters. *See Max Arnold & Sons, LLC v. W.L. Hailey & Co.*, 452 F.3d 494, 503 (6th Cir. 2006).  However "matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint[] also may be taken into account" without the necessity

of converting the motion into one for summary judgment. *Barany-Snyder v. Weiner*, 539 F.3d 327, 332 (6th Cir. 2008) (quoting *Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001)).

### 1.    Account Stated

An account stated is "a balance struck between the parties on a settlement." *Keywell & Rosenfeld v. Bithell*, 254 Mich. App. 300, 331, 657 N.W.2d 759, 777 (2002) (internal quotation marks omitted). A promise to pay the balance will be implied when the evidence shows that the parties' mutual dealings "have been adjusted, settled, and a balance struck." *Id.* (internal quotation marks omitted). "The creation of an account stated requires the assent of both parties to the account." *Echelon Homes, LLC v. Carter Lumber Co.*, 261 Mich. App. 424, 435, 683 N.W.2d 171, 178 (2004) (per curiam), *rev'd in part on other grounds*, 472 Mich. 192, 694 N.W.2d 544 (2005).

A plaintiff may establish an account stated in two ways. First, a plaintiff may present evidence of an express understanding though words and acts. *Klochko Equip. Rental Co. v. Village Green Constr., LLC*, No. 235599, 2003 WL 21398305, at *3 (Mich. Ct. App. June 17, 2003) (per curiam). The "plaintiff must prove that the defendant expressly accepted bills tendered by paying them or failed to object to them within a reasonable time." *Id.* Second, a plaintiff may rely on the statutory procedure for establishing a claim set forth in M.C.L. § 600.2145, which permits a plaintiff to file and serve on the defendant an affidavit of the amount due with a copy of the account attached, together with the complaint.[2] The affidavit is deemed prima evidence of the indebtedness unless the

---

[2]M.C.L. § 600.2145 provides, in relevant part:

> In all actions brought in any of the courts of this state, to recover the amount due on an open account or upon an account stated, if the plaintiff or someone in his behalf makes an affidavit of the amount due, as near as he can estimate the same, over and above all legal counterclaims and annexes thereto a copy of said account, and cause a copy of said affidavit and account to be served upon the defendant, with a copy of the complaint filed in the cause or with the process by which such action is commenced, such affidavit shall be deemed prima facie evidence of such indebtedness, unless the defendant with his answer, by himself or agent, makes an affidavit and serves a copy thereof on the plaintiff or his attorney, denying the same. . . . Any affidavit in this section mentioned shall be deemed sufficient if the same is made within 10 days next preceding the issuing of the writ o filing

defendant files an affidavit denying the indebtedness with his answer and serves it on the plaintiff. *Id.* Although the statute does not require a creditor to file an affidavit, it "prescribes a procedure that, when correctly followed, eases the burden on a creditor seeking to collect on a delinquent account." *Charbonneau v. Mary Jane Elliott, P.C.*, 611 F. Supp. 2d 736, 742 (E.D. Mich. 2009). The defendant's failure to file an opposing affidavit is prima facie evidence, but it "does not conclusively establish the existence of the account stated or the amount owed." *Light Source, Inc. v. Display Dynamics, Inc.*, No. 2:09-cv-14268, 2011 WL 1598621, at *5 (E.D. Mich. Apr. 28, 2011) (citing *Velardo & Assocs. v. Oram*, No. 279801, 2008 WL 4604355, at *1 (Mich. Ct. App. Oct. 7, 2008)). That is, an unrebutted affidavit creates a rebuttable presumption that the amount claimed is accurate. *Id.*

In support of its motion, Sodexo has complied with the affidavit requirement by submitting an affidavit from Michael Baker attesting to the amount BHASD owes on the account. BHASD did not submit its own affidavit to refute Sodexo's affidavit, as M.C.L. § 600.2145 permits it to do, nor does BHASD argue that the Baker affidavit is defective in any respect that would preclude the affidavit from being considered prima facie evidence of the indebtedness. Instead, BHASD argues that a prima facie showing of the amount of the indebtedness is an insufficient basis to permit entry of judgment on Sodexo's account stated claim. (Dkt. # 23 at PageID149.) However, Sodexo does not rely solely on its affidavit in support of its request for judgment. Instead, Sodexo supports its motion both with an affidavit pursuant to § 600.2145 and BHASD's binding admissions in its answer that Sodexo provided services to BHASD pursuant to Sodexo's agreement, that BHASD accepted Sodexo's services and did not pay, challenge, or otherwise respond to the invoices that Sodexo sent it, and that BHASD has neither objected to the overdue balance nor paid the outstanding

---

of the complaint or answer.

invoices.  In short, BHASD's admissions show that no material issue of fact remains on Sodexo's account stated claim.

The cases BHASD cites, *Light Source, Inc. v. Display Dynamics, Inc.* , No. 2:09-cv-14268 (E.D. Mich. Apr. 28, 2011), and *Badalament, Inc. v. Mel-O-Ripe Banana Brands, Ltd.*, 265 B.R. 732 (E.D. Mich. 2001), do not support BHASD's argument.  In fact, *Light Source* undermines BHASD's argument.  In *Light Source*, the court concluded that the plaintiff was entitled to summary judgment on its account stated claim because the plaintiff filed an affidavit with its complaint setting forth the amount of its claim for unpaid lighting products and services and the defendant failed to produce any evidence to rebut the plaintiff's evidence, and the defendant's arguments did not preclude summary judgment.  *Light Source*, 2011 WL 1598621, at *6–7.  Although *Light Source* is distinguishable from the instant case because *Light Source* involved a motion for summary judgment rather than a motion for judgment on the pleadings, there is no reason that a plaintiff may not invoke a motion for judgment on the pleadings to obtain judgment on an account stated claim.  In *Harvard Drug Group v. Senior Respiratory Solutions, Inc.*, No. 09-13083, 2010 WL 148670 (E.D. Mich. Jan. 13, 2010), the court concluded that the plaintiff was entitled to judgment on the pleadings on its account stated claim based on the affidavit it filed pursuant to M.C.L. § 600.2145, even though the defendant filed an affidavit in response, because the defendant's affidavit neither disputed the accuracy of the amount due set forth in the plaintiff's affidavit nor provided a valid affirmative defense.  *Id.* at *9.  In contrast, in *Badalament, Inc.*, the court denied the plaintiff's motion for summary judgment because the plaintiff failed to file an affidavit as permitted by M.C.L. § 600.2145, the complaint was not verified, and the defendant properly rebutted the complaint's allegations with its denials in its answer and its affirmative defenses.  *Badalament, Inc.*, 265 B.R. at 735–36.

11

Accordingly, Sodexo has established that there is no genuine issue of fact with regard to its account stated claim.

### 2.    Breach of Contract

In order to establish a claim for breach of contract, a plaintiff must show: (1) the existence of a valid and enforceable contract between the parties; (2) the terms of the contract; (3) that the defendant breached the contract; and (4) that the plaintiff suffered an injury as a result of the breach. *Timmis v. Sulzer Intermedics, Inc.*, 157 F. Supp. 2d 775, 777 (E.D. Mich. 2001) (citing *Webster v. Edward D. Jones & Co.*, 197 F.3d 815, 819 (6th Cir. 1999)).   Sodexo's factual allegations, and BHASD's admissions, establish each of these elements.   First, Sodexo alleged, and BHASD admitted, that it entered into a contract—the Management Agreement—with Sodexo on June 13, 2011.  (Dkt. # 10 at Page ID67–68, ¶ 5.)  The Agreement, attached to the complaint, was signed by BHASD's superintendent.  BHASD also admitted that the Agreement is "valid and enforceable." (*Id.* at Page ID72, ¶ 72.)  Second, Sodexo alleged, and BHASD admitted, that pursuant to the Agreement, Sodexo was to provide facilities management for BHASD and that BHASD was obligated to pay Sodexo for its services.  (*Id.* at Page ID67–68, ¶¶ 5–7.)  In addition, the contractual terms are established by the Agreement itself.  Third, the pleadings establish that Sodexo provided services to BHASD in accordance with the Agreement and incurred costs in doing so, that BHASD accepted such services and agreed to pay Sodexo for those services and costs that it incurred, that Sodexo sent BHASD numerous invoices for services that it provided pursuant to the Agreement, and that BHASD did not pay, challenge, or otherwise respond to the invoices.  (*Id.* at PageID70–71, ¶¶18–22.)  In other words, BHASD breached the Agreement by failing to pay Sodexo for its services as required by the Agreement.  Finally, the pleadings adequately establish that Sodexo suffered

12

injury as a result of non-payment.  Moreover, the Baker affidavit, which is unrebutted, is prima facie evidence of the amount of Sodexo's damages.

### 3.    BHASD's Affirmative Defenses

That Sodexo has established its account stated and breach of contract claims does not necessarily mean that Sodexo is entitled to judgment as a matter of law.  "An affirmative defense, under the meaning of Fed. R. Civ. P. 8(c), is a defense that does not negate the elements of the plaintiff's claim, but instead precludes liability even if all of the elements of the plaintiff's claim are proven." *Roberge v. Hannah Marine Corp.*, No. 96-1691, 1997 WL 468330, at * 3 (6th Cir. Aug. 13, 1997).   Sodexo argues that BHASD's so-called "boilerplate" affirmative defenses are unsupported and insufficient to preclude entry of judgment for Sodexo.   BHASD states ten affirmative defenses:

1.    Plaintiff failed to state a claim upon which relief can be granted or as a matter of fact and law.

2.    Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

3.    Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

4.    Plaintiff breached the contract first.

5.    The alleged contracts are voidable, in whole or in part.

6.    Plaintiff's claims are barred by the doctrine of unclean hands and other equitable defenses.

7.    Defendant lacked authority, in whole or in part, to enter into the alleged contract.

8.    Plaintiff failed to mitigate its damages, if any.

9.    Plaintiff engaged in improper or fraudulent conduct to procure this contractual arrangement.

10.    Defendant reserves the right to add additional defenses as they become apparent during the course of discovery.

(Dkt. # 10 at PageID74–75.)  Sodexo argues that these affirmative defenses fail because they are inapplicable to the account stated and breach of contract claims, BHASD has waived them, or BHASD's admissions show that they lack merit.  BHASD responds that, to properly raise its affirmative defenses, it need only state them without elucidating the bases for such defenses.

Initially, the parties' disagreement about the sufficiency of BHASD's affirmative defenses requires the Court to weigh in on whether the pleading standard enunciated in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955 (2007) , and *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937 (2009), for the sufficiency of claims for relief under Federal Rule of Civil Procedure 8(a), also applies to affirmative defenses under Rule 8(c).  If the *Twombly/Iqbal* standard applies, there is no serious argument that BHASD's affirmative defenses are insufficiently pled.

Courts within the Sixth Circuit are split on the issue, applying either the *Twombly/Iqbal* standard or adhering to the Sixth Circuit's pre-*Twombly/Iqbal* "fair notice" standard.  The court in *Paducah River Painting, Inc. v. McNational Inc.*, No. 5:11-CV-135-R, 2011 WL 5525938 (W.D. Ky. Nov. 14, 2011), aptly summarized the arguments on both sides of the issue:

> Courts adopting the new *Twombly* and *Iqbal* standard for affirmative defenses have offered differing rationales.  Some have dissected the language of Federal Rule of Civil Procedure 8.  In doing so, they noted the similarities between section (a)'s requirement of a "short and plain statement" for a claim showing relief and subsection (b)'s requirement of a statement in "short and plain terms" of any defenses.  Still others have used this higher pleadings bar to discourage the use of "boilerplate" defenses because they are frequently offered without a factual basis.

> Those courts abiding by the "fair notice" standard provide contrasting reasons for doing so.  Some noticed that subsection (c) of Rule 8 only asks that defendants "state . . . any affirmative defense."  The absence of the word "show"caused these courts to believe Rule 8(c) represented a lower threshold then Rule 8(a).  A few addressed the practical concerns of requiring defendants to assert affirmative defenses sufficient to defeat a motion to dismiss under Rule 12(b)(6) in light of the

14

temporal constraints facing a defendant in preparing an answer. Finally, there is the argument that the increased pleading standard for defendants will inevitably spawn more motions to strike by plaintiffs, a result at odds with the prevailing case law discouraging Rule 12(f)'s usage.

*Id.* at \*2 (internal citations omitted). Some courts have also cited, as justification for rejecting a heightened pleading standard, the Sixth Circuit's post-*Twombly* decision in *Montgomery v. Wyeth*, 580 F.3d 455 (6th Cir. 2009), which held that the defendant's statute of repose affirmative defense comported with the pre-*Twombly* "fair notice" standard. *See, e.g.*, *McLemore v. Regions Bank*, Nos. 3:08-cv-21, 3:08-cv1003, 2010 WL 1010092, at \*13–14 (M.D. Tenn. Mar. 18, 2010).[3] One district judge in this district, Judge Neff, has addressed the issue. In *Quality Edge, Inc. v. Rollex Corp.*, No. 1:10-CV-278, 2014 WL 4983504 (W.D. Mich. Sept. 19, 2014), Judge Neff adopted the magistrate judge's recommendation that the "fair notice" standard remains intact in the Sixth Circuit. *Id.* at \*2, 4.

Having considered the reasons given for and against the adoption of the *Twombly/Iqbal* standard, the Court agrees with Judge Neff and other district judges that the "fair notice" standard remains intact in the Sixth Circuit, particularly in light of the language or Rule 8(c) and the Sixth Circuit's post-*Twombly* decision in *Montgomery*. But, even though BHASD's affirmative defenses generally meet the "fair notice" standard, they cannot survive if they are "so unrelated to the plaintiff's claims as to be unworthy of any consideration as a defense and . . . their presence in the pleading throughout the proceeding will be prejudicial to the moving party." *Damron v. ATM Cent. LLC*, No. 1:10-cv-1219-JDB-egb, 2010 WL 6512345, at \*1 (W.D. Tenn. Oct. 29, 2010) (quoting 5C Wright & Miller § 1380 (3d ed. 2004)); *see also Cent. States, Se. & Sw. Areas Pension Fund v.*

---

[3]The Court notes that in a recent decision the Sixth Circuit recognized that it had not previously addressed whether the *Twombly/Iqbal* heightened standard applies to affirmative defenses, but declined to so because the district court had not applied the *Twombly/Iqbal* standard. *Depositors Ins. Co. v. Estate of Ryan*, Nos. 15-5507, 15-5516, 2016 WL 66545, at \*3 (6th Cir. Jan. 6, 2016).

*Lloyd L. Sztanyo Trust*, 693 F. Supp. 531, 540 (E.D. Mich. 1988) (noting that an affirmative defense should be stricken only if it is "patently defective").  Many of BHASD's affirmative defenses fail under this standard.  To begin, BHASD concedes that its equity-based defenses—laches and unclean hands—are inapplicable to the account stated and breach of contract claims.  (Dkt. # 23 at Page ID155–56.)  Others are also "not applicable under any circumstances," *id.* at 541:

- The first defense of failure to state a claim is inapplicable because Sodexo has established its claims as a matter of law.

- Under Michigan law, account stated and breach of contract actions are subject to the six-year statute of limitations set forth in M.C.L. § 600.5807(8).  *Fisher Sand & Gravel Co. v. Neal A. Sweebe, Inc.*, 494 Mich. 543, 561–62, 837 N.W.2d 244, 255 (2013).  The second defense—statute of limitations—fails because the parties entered into the Agreement on June 13, 2011 and Sodexo filed the instant case on August 28, 2015—well within the limitations period.

- By its admissions, BHASD has waived any defense that Sodexo committed the first substantial breach of the Agreement.  BHASD admitted that Sodexo provided BHASD services in accordance with the Agreement, that BHASD accepted such services and expressly agreed to pay for them, and that BHASD did not challenge or respond to Sodexo's invoices.

- BHASD's eighth defense, failure to mitigate damages, is inapplicable under the circumstances of this case.  Sodexo is seeking to recover past due amounts for services provided and invoiced to BHASD.  Its only means to mitigate damages was by terminating the Agreement, which it did effective November 10, 2014.  (Dkt. # 10 at PageID69.)

- BHASD's ninth defense, that Sodexo engaged in improper or fraudulent conduct to procure the contract, is patently defective because affirmative defenses alleging fraud must be pled with particularity pursuant to Federal Rule of Civil Procedure 9(b).  *See Sprint Solutions, Inc. v. Shoukry*, No. 2:14-cv127, 2014 WL 5469877, at *3 (S.D. Ohio Oct. 28, 2014); *Holley Performance Prods., Inc. v. Quick Fuel Tech., Inc.*, No. 1:07-CV-185-JHM, 2011 WL 3159177, at *3 (W.D. Ky. July 26, 2011).  The fraud defense falls far short of complying with Rule 9(b).

BHASD's only remaining defenses are that it lacked authority to enter into the Agreement and that the Agreement is voidable, in whole or in part.  These defenses should not require discovery because BHASD likely possesses all of the information it needs to assert them.  These are the only

remaining issues in the case.  Thus, the Court will hold Sodexo's motion in abeyance pending its receipt of further information from BHASD.  In accordance with Rule 1 of the Federal Rules of Civil Procedure, which provides that the rules "should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding," the Court will require BHASD to explain, in accordance with Federal Rule of Civil Procedure 11(b), the factual and legal bases for its two remaining defenses within twenty-one days.  After receipt of such information, the Court will determine whether judgment may be entered for Sodexo or if additional proceedings are necessary.

### III.  CONCLUSION

For the foregoing reasons, the Court will deny BHASD's motion to amend.  The Court will hold Sodexo's motion for judgment on the pleadings in abeyance pending receipt of information from BHASD regarding the factual and legal bases for its two remaining affirmative defenses.

An Order consistent with this Opinion will be entered.


Dated:  March 2, 2016                                  _____/s/ Gordon J. Quist_____
                                                                          GORDON J. QUIST
                                                                   UNITED STATES DISTRICT JUDGE